IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

JAN 21 1999

CLERK

ROBERT LARA,

    Plaintiff,

vs.    No. CIV 95-0366 LH/LCS-ACE

CITY OF ALBUQUERQUE et al.,

    Defendants.

## DEFENDANTS' PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW

The remaining Defendants herein, the City of Albuquerque and Lawrence Rael, in his official capacity, hereby submit these Findings of Fact and Conclusions of Law which Defendants propose should be entered after trial in this matter.

### PROPOSED FINDINGS OF FACT

1. On April 28, 1992, Plaintiff Robert Lara (hereinafter "Lara") voluntarily executed a settlement agreement to resolve a dispute between himself and the City concerning a pending disciplinary action. (Defendants' Exhibit D, Robert Lara, Roy Robinson and Sam Walker.)

2. In the 1992 settlement agreement, Lara agreed to "enroll in a program of therapy and rehabilitation as recommended by the City's Employee Assistance Program within two weeks of the date of this agreement." (Id.).

3. Robert Lara voluntarily referred himself to the City's Employee Assistance Program (hereinafter "EAP") in April of 1992. Subsequently, he participated in a program of therapy and rehabilitation. (Robert Lara, Julia Bain).

4. On January 4, 1994, Robert Lara and his EAP Counselor, Dr. Julia Bain, signed an "Agreement For Substance Abuse Testing, Self Referral" which stated "that I, as a participant in the Employee Assistance Program, agree to periodic testing for up to two years from today's date." (Robert Lara, Julia Bain, Defendants' Exhibit A).

5. In his January, 1994 agreement for substance abuse testing, Mr. Lara signed that he understood "that one more positive substance abuse test will result in my termination from City employment." (Id.).

6. Following his January 1994 agreement for substance abuse testing, Lara was drug tested on at least eight occasions. On each of those occasions, he signed a consent form which stated that he had the right to refuse the test but that refusal would result in termination. (Plaintiff's Exhibit 1).

7. On August 23, 1994, Robert Lara was told by Julia Bain to report for a drug test and that his failure to report would mean non-compliance with the program and potential termination. (Julia Bain, Plaintiff's Exhibit 23).

8. Lara failed to appear for the substance abuse test on August 23, 1994. (Defendants' Exhibit C, Admission No. G).

9. Lara was fired for failing to take the drug test scheduled by the EAP. (Plaintiff's Exhibits 24 and 25).

10. During the time period relevant to this suit, the City's drug testing policy was contained in Administrative Instruction #123. (Julia Bain).

11. Lara's termination was a result of his failure to comply with the requirements of the program of therapy and rehabilitation he had voluntarily enrolled

2

in.

12. Lara has never submitted any claim of discrimination on the basis of handicap or medical condition to the New Mexico Human Rights Commission or the federal Equal Employment Opportunity Commission.

## PROPOSED CONCLUSIONS OF LAW

1. Substantive due process does not protect an individual's property interest in public employment and, hence, the circumstances of this case do not present a claim for the denial of substantive due process.

2. Even if Lara had an individual claim concerning the Personnel Board's lack of jurisdiction or for violations of the separation of powers doctrine in the Board's creation, the New Mexico Court of Appeals concluded in a companion to this case that the City of Albuquerque had properly assigned the Personnel Board and its Hearing Officer jurisdiction and authority to hear Lara's termination grievance and compel discovery necessary therein.

3. Lara neither pled nor proved the administrative conditions precedent to the bringing of a lawsuit under Title VII and the Americans With Disabilities Act.

4. Employers are entitled to seek reasonable assurances that no illegal use of drugs is occurring or has occurred recently enough so that continuing use is a problem.

5. It was reasonable for the City to take action based on information that Lara was not complying with his treatment program and refusing to report for drug tests.

6. Lara is not an individual with a disability under the definitions provided in the Americans with Disabilities Act. Lara's termination was not the result of discrimination based on his status as a recovering drug user but was based on a legitimate concern about his failure to comply with his contracted for recovery program.

7. In settlement of a disputed disciplinary action, Lara volunartily contracted to participate in the EAP and volunartily agreed to substance abuse testing.

8. Lara's consent to substance abuse testing in order to avoid discipline and retain his job constitutes waiver of any Fourth Amendment claims he may have had.

9. Lara's enrollment in the EAP, his agreement to enroll, and his agreement to substance abuse testing were voluntary and he may not escape the effect of these agreements.

10. Lara has not proved that the City established a policy which violated Lara's Fourth Amendment rights.

11. The substance abuse tests at issue herein were the result of consent and individualized circumstances and did not violate Lara's rights under the Fourth Amendment.

12. None of Plaintiff's claims have merit and Defendants are entitled to judgment in their favor.

Respectfully submitted:

**CITY OF ALBUQUERQUE**
Robert M. White
City Attorney

*Charles W. Kelley*
Charles W. Kolberg
Assistant City Attorney
P. O. Box 2248
Albuquerque, New Mexico 87103
Telephone: 768-4500

I hereby certify that a true copy of
the foregoing pleading was mailed to:

Paul Livingston
P. O. Box 90908
Albuquerque, NM 87199

Susan Chappell
2115 Aspen Ave. NW
Albuquerque, NM 87104

this 21st day of January, 1999.

*Charles W. Kelley*
Charles W. Kolberg