IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ROBERT LARA,

Plaintiff,

v.                                                                  No. CIV 95-366 BB/LCS

CITY OF ALBUQUERQUE and
LAWRENCE RAEL,

Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Plaintiff's motion for reconsideration of the Court's prior memorandum opinion and order (Doc. 98), Plaintiff's objections to the Magistrate's order concerning the attorney-client privilege (Doc. 89), Plaintiff's objections to the Magistrate' order concerning disclosure of prior litigation information (Doc. 90), and Plaintiff's motion for a jury trial (Doc. 113). Having considered the submissions of the parties and the applicable law, the Court determines that the motion for reconsideration should be DENIED. In addition, Plaintiff's objections to the Magistrate's orders do not appear to be well-taken and the Magistrate's orders will be AFFIRMED. Finally, Plaintiff's motion for jury trial will be DENIED.

**Plaintiff's Motion For Reconsideration**

Plaintiff's motion relies mainly on the fact that this Court misapprehended the status of the New Mexico Court of Appeals proceeding at the time of the Court's December 8 opinion.[1]

---

[1] As the parties have pointed out, the Court of Appeals issued its decision a short time prior to the Court's memorandum opinion and order of December 8, 1998. The Court was unaware of the Court of Appeals action at the time, although the parties had attempted to notify the Court by filing

This fact, however, was not significant to the Court's reasoning and in fact it strengthens the result. As the Court discussed in the opinion, Plaintiff's state-court appeal had the potential of giving him the due-process relief he had been seeking -- an administrative hearing concerning his dismissal. As it turns out, the Court of Appeals had already given Plaintiff exactly that relief. This obviously reinforces the Court's determination that no due process violation occurs when a post-deprivation administrative hearing has been denied, as long as adequate judicial-review procedures are available to the aggrieved party. Therefore, there is no reason to reconsider the Court's earlier opinion.

Plaintiff also relies on the fact that the Court of Appeals disagreed with this Court on the merits of the Personnel Board's decision dismissing Plaintiff's grievance. As this was an alternate holding in this Court's December 8 opinion, the Court of Appeals decision does not change the result or cause the Court to reconsider its decision. The Court also notes that the Court of Appeals decision does not directly conflict with the Court's determination. Instead, that Court and this Court were operating under different understandings of the facts of the case. The Court of Appeals opinion clearly held that information concerning Plaintiff's "obligation to report for drug testing, his failure to report for the test, and the resulting consequences does not invoke the psychotherapist-patient privilege." *Lara v. City of Albuquerque*, ___ P.2d ___ (N.M. App. 1998) (slip opinion p. 5). That is exactly what this Court held. This Court was under the impression (not contradicted by the factual material submitted by the parties) that the City's discovery request had been narrowed to request only the above categories of information. The Court of Appeals, on the other hand, was privy to

---

a joint motion to vacate relying on the Court of Appeals decision as a basis for continuing the trial. Due either to confusion resulting from this Court's move in November to a new building or to simple oversight, the Court did not become aware of the Court of Appeals decision until Plaintiff filed his motion for reconsideration.

facts showing that the discovery order could lead to the disclosure of information covered by the psychotherapist-patient privilege. Due to this factual difference, the Court of Appeals reached a different result on the merits of the privilege issue. In any event, as the Court noted above, the Court of Appeals opinion at most affects an alternate ground for this Court's decision, and does not provide a basis for reconsidering the Court's December 8 opinion.

**Plaintiff's Objections to Magistrate's Order**

Plaintiff's first objection is directed at the Magistrate's decision to uphold the City's claim of attorney-client privilege, with respect to a city attorney's legal opinion letter. This letter, written to the City's Personnel Board, has no relevance to any of the claims remaining in this case. It is apparent that the opinion letter sought by Plaintiff is relevant only to the due-process claim that was dismissed in the Court's December 8 opinion and order. The letter concerned Plaintiff's psychotherapist-patient privilege and the hearing officer's recommendation that Plaintiff's grievance be dismissed, questions integrally related only to the due-process claim. That claim having been dismissed, Plaintiff's objections are rendered moot and the Magistrate's Order will be affirmed.

Plaintiff's remaining objection protests the Magistrate's decisions limiting discovery of some materials and potentially forcing Plaintiff to pay the costs of discovering certain other information concerning prior disciplinary action and lawsuits involving other City employees.[2] The requirement that Plaintiff pay the costs does not take effect unless Plaintiff is dissatisfied with the City's efforts to find out the information through methods less onerous than a full search of the City's employment

---

[2] Plaintiff also protests the Magistrate's refusal to grant his requests for production 15, 16, and 18. This refusal occurred in the August 26, 1998 order. Plaintiff filed no objections to that order, and thus did not timely request review. The only requests for production addressed in the September 29 order were 6, 9, 10, and 13.

files. Thus final resolution of this issue is premature but the Court will provisionally affirm the Magistrate's order. If the City has produced sufficient information without the necessity of a full search, Plaintiff will not be required to pay costs that might have arisen out of a more thorough search. At this time it is also difficult to see how the information sought by Plaintiff is relevant to any claim Plaintiff has remaining against the City. As discussed above, Plaintiff's due-process and breach-of-contract claims have been dismissed. The only remaining claims are a Fourth Amendment claim directed at the reasonableness of the drug testing required under the Employee Assistance Plan (EAP), and ADA claim, and a substantive-due-process claim.[3] The information sought by Plaintiff, on the other hand, concerning other disciplinary actions taken against City employees and lawsuits arising out of those actions, appears relevant only to an equal-protection or differential-treatment cause of action. It does not appear Plaintiff has raised such a claim in this case. Therefore, the Magistrate's order will be provisionally affirmed.[4]

---

[3]It is not clear the substantive-due-process claim is viable in this public-employment case implicating only rights created by state law. *See Curtis v. Oklahoma City Public Sch. Bd*, 147 F.3d 1200, 1215, fn. 17 (10th Cir. 1998) (neither Supreme Court nor Tenth Circuit has determined whether state law contract right is entitled to protection of substantive due process); *Roe v. Antle*, 964 F.Supp. 1522, 1533 (D.N.M. 1997) (substantive due process does not protect state-law right to employment). The Court is not faced with this question and need not decide it in the context of this discovery dispute.

[4]The Court notes Plaintiff's argument that the sought-after material is relevant to the City's true motivation for discharging him. The City's motivation, however, does not appear to have anything to do with whether a Fourth Amendment violation occurred when Plaintiff was required to take drug tests under the EAP. Similarly, it does not appear to be relevant to the ADA claim or the substantive-due-process claim stated in the complaint. The complaint contains no allegations that the refusal to take the drug test was a pretext or subterfuge for firing Plaintiff, which might put the City's motivation in question. For these reasons, if the City's true motivation for terminating Plaintiff's employment was not the missed drug test, that appears to be a contract claim that should be litigated during the administrative hearing before the Personnel Board that has been mandated by the New Mexico Court of Appeals. It is not a constitutional matter and is irrelevant to the

**Motion for Jury Trial**

Plaintiff argues, correctly, that this Court has jurisdiction to grant a jury trial even when no timely demand for such a trial has been made. *See Bates v. Bd. of Regents*, 122 F.R.D. 586, 589 (D.N.M. 1987). However, where the failure to make a timely jury demand results from nothing more than inadvertence, no abuse of discretion occurs if a jury trial is denied. *Nissan Motor Corp. v. Burciaga*, 982 F.2d 408, 409 (10th Cir. 1992). This case is similar to *Nissan*, except that the grounds for denying a jury trial are even stronger. According to Plaintiff's brief, he did not inadvertently fail to file a jury demand. Instead, he made a considered decision not to pay the $100 jury fee. Now, after all discovery in the case has closed and with trial scheduled on a trailing docket in one week, Plaintiff has changed his mind and would like a trial by jury.

The above circumstances clearly differ from those in *Bates*, where all parties had assumed the trial would be to a jury and had prepared accordingly. They are also far different from those in *AMF Tuboscope, Inc. v. Cunningham*, 352 F.2d 150 (10th Cir. 1965), another case in which both parties had agreed to and requested a jury trial, and prepared accordingly. The Court will find that strong and compelling reasons exist, under *Nissan*, to deny Plaintiff's extremely late request for a jury trial.

## ORDER

For the above-stated reasons, Plaintiff's motion for reconsideration (Doc. 98) is DENIED; Plaintiff's motion for jury trial (Doc. 113) is DENIED; and Plaintiff's objections to the Magistrate's Order (Docs. 89 and 90) having been rejected, the Magistrate's Order is AFFIRMED.

---

proceedings before this Court.

Dated at Albuquerque this ___26th___ day of January, 1999.

                                                            BRUCE D. BLACK
                                                           United States District Judge

Counsel for Plaintiff:
Paul Livingston
P.O. Box 90908
Albuquerque, New Mexico 87199

Susan G. Chappell
2115 Aspen NW
Albuquerque, New Mexico 87104

Counsel for Defendants:
Charles W. Kolberg
Victor E. Valdez
Assistant City Attorneys
P.O. Box 2248
Albuquerque, New Mexico 87103