IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
_____

ROBERT LARA,

      Plaintiff,

v.                                                     No. CIV 95-366 BB/LCS - ACE

CITY OF ALBUQUERQUE and
LAWRENCE RAEL, Chief
Administrative Officer,

      Defendants.

## MEMORANDUM OPINION ON EQUITABLE RELIEF

### Factual Background

The Plaintiff, Robert Lara, filed the present case challenging the constitutionality of his termination by the City of Albuquerque in 1995. He also pursued his remedies for wrongful termination in the New Mexico state courts. On October 27, 1998, the New Mexico Court of Appeals filed an opinion in *Lara v. City of Albuquerque*, 971 P.2d 846 (N.M. App. 1998). The Court of Appeals held the City Personnel Board erred in dismissing Mr. Lara's grievance for failing to provide discovery ordered by the hearing officer and remanded the case to the state district court with directions to remand for appropriate proceedings before

the City Personnel Board. Following the trial on February 25 and 26, 1999, the Court ruled that Defendants had violated Plaintiff's rights protected by the Fourth Amendment to the United States Constitution and directed as follows:

> Since the City will now have to address the validity of Mr. Lara's termination, this Court will prohibit the City from introducing any evidence of the initial baseline urinalysis or subsequent actions taken in sole reliance on this urinalysis. *Murray v. United States*, 487 U.S. 533 (1988) (product of illegal search not admissible unless obtainable from independent source).

Conclusion of Law 12.

More than one year after the New Mexico Court of Appeals' opinion and nine months after this Court entered its Findings and Conclusions, the state district court has yet to remand the case to the City Personnel Board which has obviously therefore taken no action on Plaintiff's claims. No final judgment has been entered in this Court and Plaintiff now invokes the equitable power of this Court. It is now appropriate that the relief the Court previously declined to award Plaintiff, out of deference to the City's administrative procedure and the state courts, be imposed. The City should be ordered to reinstate Plaintiff and pay his back wages for the period since his termination at the rate he was receiving when terminated.

## Discussion

Plaintiff invokes 42 U.S.C. § 1983 which provides a comprehensive legal and equitable remedy for individuals damaged by governmental violation of their constitutional and statutory rights. *Carey v. Piphus*, 435 U.S. 247 (1978). In the public employment context, the award of back pay and reinstatement are an integral part of the appropriate relief. *Bishop v. Wood*, 426 U.S. 341 (1976).

In *Bowen v. Massachusetts*, 487 U.S. 879 (1988), the Supreme Court discussed the distinction between "damages" and "specific remedies" which "attempt to give the plaintiff the very thing to which he was entitled":

> Damages are given to the plaintiff to substitute for a suffered loss, whereas specific remedies "are not substitute remedies at all, but attempt to give the plaintiff the very thing to which he was entitled."

*Bowen*, at 895 (quoting D. Dobbs, HANDBOOK ON THE LAW OF REMEDIES 135 (1973).

The remedy for Title VII violations includes "any other equitable relief as the court deems appropriate." 42 U.S.C. § 2000e-5(g). In Title VII cases, the courts must "use their equitable discretion to fashion the most complete relief available." *Gurmankin v. Costanzo*, 626 F.2d 1115, 1118-19 (3d Cir. 1980) (citing *Albemarle Paper Co. v. Moody*, 422 U.S. 405 (1975)); *Franks v. Bowman*

*Transp. Co.*, 424 U.S. 747 (1976).  Back pay is an equitable remedy authorized under Title VII.  *Jackson v. Pool Mortgage Co.*, 868 F.2d 1178 (10th Cir. 1989).

The Tenth Circuit addressed the appropriate remedy on analogous facts in *Jackson v. City of Albuquerque*, 890 F.2d 225 (10th Cir. 1989).  In that case the plaintiff also brought suit under 42 U.S.C. § 1983 alleging due process was violated in his termination by the city.  The district court ordered front pay but declined reinstatement.  In reversing, the Tenth Circuit said:

> Our review of the evidence reveals that certain parties, including the named defendants within the city administration, were determined to run plaintiff Carl Johnson off the job.  If he is denied reinstatement, they will have accomplished their purpose.  While some might wonder why plaintiff would want to return to a hostile working environment, we recognize, as did the court in *Allen v. Autauga County Bd. of Educ., supra*, [*685 F.2d 1302* (11th Cir. 1982)] that sometimes money alone cannot make a person whole.  Actual or expected ill-feeling cannot justify denial or reinstatement here.  "If an employer's best efforts are presumptively unlikely to succeed, there is, of course, less incentive to use employment decisions to chill the exercise of constitutional rights."  *Allen v. Autauga County Bd. of Educ.*, 685 F.2d 1302 at 1306.
>
> * * *
>
> For these reasons, and under the special circumstances of this case, we therefore find that plaintiff was entitled to the relief he requests – that is –

> reinstatement to his former position with the city of Albuquerque, together with all increments in pay and position which he would have achieved if he had not been terminated. He is also entitled to the damages awarded by the jury, all back pay to which he may be entitled to up to the date of his reinstatement, and the attorney's fees and costs heretofore awarded by the court and an award for additional fees and expenses arising during remand.

890 F.2d at 235.

While the Court would prefer to allow the City Personnel Board the opportunity to redress its error in this case, justice long delayed is justice denied. *See* Edward Coke, SECOND INSTITUTE 56 (4th ed. 1671). Equity requires Plaintiff be reinstated at the same civil service level from which he was terminated with back pay calculated on the basis of his wage rate at the time of termination.

A Judgment consistent with this opinion shall be drawn up by counsel for Plaintiff and presented to the Court within twenty (20) days.

DATED at Albuquerque this 7th day of December, 1999.

                                                                                     BRUCE D. BLACK
                                                                                     United States District Judge

**Counsel for Plaintiff:**

    **Paul Livingston, Albuquerque, NM**

**Counsel for Defendants:**

    **Charles W. Kolberg, Assistant City Attorney, Albuquerque, NM**